IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GERALD SCOTT MAYEK,

    Plaintiff,

  v.

GUNDERSON HOSPITAL-BOSOBEL, WI, et al.,

    Defendants.

ORDER

Case No. 19-cv-811-jdp

Plaintiff Gerald Scott Mayek, an inmate in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of a trust fund account statement in support of his request for leave to proceed without prepaying the fee. After considering the supporting documentation, the court concludes that plaintiff qualifies for indigent status.

Even when an inmate litigant qualifies for indigent status, the litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from plaintiff's trust fund account statement, I conclude plaintiff's initial partial filing fee to be $5.85 of the $350.00 filing fee. For this case to proceed, plaintiff must submit this amount on or before October 25, 2019.

Plaintiff has also filed a letter, dkt. 4, which I will construe as a motion to use his release account funds to pay the entire filing fee and to pay for a copy of this court's Guide for Litigants Without a Lawyer. I will grant in part and deny in part plaintiff's motion.

Pursuant to 28 U.S.C. § 1915(b)(1), prison officials are required to use a prisoner's release account to satisfy an initial partial payment if no other funds are available. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). Therefore, if sufficient funds do not

exist in plaintiff's regular account to pay the $5.85 plaintiff has been assessed as an initial partial payment, he can use his release account to pay the initial partial payment balance.

However, with the exception of initial partial payment assessed to an inmate, this court does not have the authority to tell state officials whether, and to what extent, a prisoner should be able to withdraw money from a release account. Therefore, I will deny plaintiff's request to use his release account funds to pay the full $350.00 fee for filing this case and to pay for a copy of this court's Guide for Litigants Without a Lawyer.

ORDER

IT IS ORDERED that,

1. Plaintiff Gerald Scott Mayek is assessed $5.85 as an initial partial payment of the $350.00 fee for filing this case. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $5.85 or advise the court in writing why plaintiff is not able to submit the assessed amount on or before October 25, 2019.

2. Plaintiff's motion to use his release account funds to pay the full $350.00 filing fee and to pay for a copy of this court's Guide for Litigants Without a Lawyer is DENIED.

3. Plaintiff's motion to use his release account funds to pay the $5.85 assessed as an initial partial payment is GRANTED.

4. If, by October 25, 2019, plaintiff fails to make the initial partial payment or show cause for failure to do so, plaintiff will be held to have withdrawn this

action voluntarily and the case will be closed without prejudice to plaintiff filing this case at a later date.

5. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 3rd day of October, 2019.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge