IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERALD SCOTT MAYEK,

                              Plaintiff,

        v.

GUNDERSEN BOSCOBEL AREA HOSPITAL,
EILEEN GAVIN, C.O. ROTH, C.O. ELLEFSON,
C.O. PAYNE, C.O. GALLINGER, C.O. WEIGEL,
C.O. JAYNES, C.O. FEDIE, C.O. CASTEL,                    OPINION and ORDER
C.O. THODE, C.O. MILLER, C.O. MEYERS,
SGT. GARY WARD, SGT. HENNEMAN,                              19-cv-811-jdp
SGT. TIERNEY, SGT. ZIMMER, SGT. PRIMMER,
SGT. JONES, SGT. ALLEN, SGT. MILLER,
SGT. LATHROP, LT. KOLBO, MIKE KEMERLING,
BECKY KRAMER, JULIA PINTZ,
JEREMY RICHARDSON, PAUL MARISKANISH, and
WISCONSIN INJURED PATIENTS AND FAMILIES
COMPENSATION FUND,

                              Defendants.

---

        Plaintiff Gerald Scott Mayek, appearing pro se, is a prisoner at Wisconsin Secure

Program Facility (WSPF). Mayek alleges that after he was injured at his prison job, hospital

staff failed to diagnose his fractured vertebra, and after he returned to the prison WSPF staff

wouldn't respond to his requests for medical care. Two matters are before the court.

**A.  Injured Patients and Families Compensation Fund's motion to dismiss**

        In a March 15, 2021 order, I granted Mayek's motion to add the state's Injured Patients

and Families Compensation Fund for purposes of his medical malpractice claims, noting that

Mayek was required to do so to recover amounts in excess of defendants' insurance coverage.

Dkt. 122, at 6–7. The Fund has filed a motion to dismiss Mayek's claims against it, stating

that Mayek fails to state a claim against it because (1) Mayek does not explain which

defendants are covered by the Fund; and (2) he sought a total of $300,000 in damages against each of the defendants who appear to be medical providers, far less that the $1 million amount necessary for a claim to arise against the Fund because state law requires providers to be insured up to that amount. Dkt. 152 (citing Wis. Stat. § 655.23(4)(a)). Mayek opposes the motion, stating that a jury could award him more than the amount he asks for in his complaint. He also seeks leave to amend his complaint to ask for a total of $3 million in damages—split between what he calls medical malpractice compensatory damages, punitive damages, and damages for mental and emotional injury—against each of defendants Gundersen Boscobel Area Hospital and Paul Mariskanish. Dkt. 156 (Mayek's motion for leave to amend); Dkt. 157 (Mayek's proposed amendment).

In its reply, the Fund states that its motion should be granted as unopposed, but this is incorrect: Mayek did respond to the motion. *See* Dkt. 155. The Fund also argues that although Mayek has now alleged damages of more than $1 million against medical providers, he "does not identify which of the other defendants he believes the Fund has liability for. . . . [and] it does not appear all causes of action he asserts would necessarily be within the Fund's coverage," so Mayek has failed to make a "plain and simple" statement of his claims. Dkt. 158, at 2. But in his opposition brief, Mayek explicitly states that he added the Fund as a defendant on his claims against defendants Gundersen Boscobel Area Hospital and Paul Mariskanish, so he has identified the defendants associated with his claims against the Fund. At this point, Mayek has made a plain and simple statement of his claims against the Fund, so I won't dismiss his claims for being too vague under Federal Rule of Civil Procedure 8. I will accept his amended request for relief and I will deny the Fund's motion to dismiss.

2

**B. Defendant Pintz's motion to set aside default**

Defendant Julia Pintz moves to set aside the clerk of court's entry of default and seeks leave to file an answer. Dkt. 174. Federal Rule of Civil Procedure 55(c) provides that I may do so for good cause. To show that she is entitled to have the entry of default set aside, Pintz must show three things: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). I must apply this standard liberally, as the Court of Appeals for the Seventh Circuit favors trial on the merits over default judgment. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

Pintz says in a declaration that she did not file a timely answer because she did not know that she needed to do anything further after signing a waiver of service and she assumed that someone from the court would contact her if there was a task she was obligated to complete. Dkt. 176, ¶ 7. The court of appeals has held that a party showed good cause for its default when it failed to answer because the summons and complaint were received by "employees who did not understand their significance." *Cracco*, 559 F.3d at 629. Pintz's untimely answer was due to a similar misunderstanding, so she has shown good cause for her default. She has also shown quick action, as she appeared, filed an answer, and moved to set aside default all within five weeks of the entry of default. And she has shown that she has a meritorious defense, as she has pleaded plausible affirmative defenses in her proposed answer. Pintz has met Rule 55(c)'s standard, so I will grant her motion to set aside default, and I will accept her answer.

ORDER

IT IS ORDERED that:

1.  Defendant Wisconsin Injured Patients and Families Compensation Fund's motion to dismiss, Dkt. 152, is DENIED.

2.  Plaintiff Gerald Scott Mayek's motion for leave to amend his complaint, Dkt. 156, is GRANTED.

3.  Defendant Julia Pintz's motion to set aside default and for leave to file an answer, Dkt. 174, is GRANTED.

Entered October 25, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

4